# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6319 | **DATE** | 8/29/2012 |
| **CASE TITLE** | Allen Cosby (B-36680) v. Illinois Dep't. of Corrections, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court waives the initial partial filing fee. The trust fund officer at Plaintiff's place of confinement is authorized to deduct the initial fee and to continue making deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Dixon Correctional Center. Plaintiff's complaint is dismissed for failure to state a claim. The dismissal of this case counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). Plaintiff is advised that he has now accumulated three strikes and that he cannot proceed *in forma pauperis* for any civil rights action filed in federal court unless he demonstrates that he is imminent danger of serious physical injury.

■ [For further details see text below.]     Docketing to mail notices.

## STATEMENT

     Plaintiff, Allen Cosby (B-36608), an inamte at Dixon Correctional Center, has filed a civil rights complaint under 42 U.S.C. § 1983. Naming the Illinois Department of Corrections and Cook County as Defendants, Plaintiff alleges that he continues to be incarcerated illegally and that he has received a letter from someone who used to be incarcerated. He states that the letter contains a picture of him and lists his criminal history, which has harmed his character and has somehow jeopardized his safety. He seeks three billion dollars for his continued incarceration.

     Plaintiff's *in forma pauperis* application indicates that he cannot prepay the $350 filing fee or an initial partial filing fee. The Court grants his motion to proceed *in forma pauperis,* and waives the initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4). The Court authorizes the supervisor of inmate trust accounts at Plaintiff's place of confinement to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, 20th floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for payment of the filing fee, and Dixon trust account officers shall notify correctional authorities of any outstanding balance owed pursuant to this order in the event that Plaintiff is transferred.

**(CONTINUED)**

isk

| **STATEMENT** |
|---|

Although Plaintiff may proceed *in forma pauperis* and must pay the filing fee for having brought this suit, preliminary review of his complaint reveals that it does not present a claim upon which this Court can grant relief and must be dismissed. *See* 28 U.S.C. § 1915A. This Court cannot address a claim for damages for an allegedly unlawful conviction until the conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A favorable ruling by this Court would affect the duration of Plaintiff's sentence or call into question the validity of his conviction, which this Court cannot do in a § 1983 action. *Id.*; *Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996). Nor may this Court convert Plaintiff's § 1983 action into a petition for habeas corpus relief. *See Copus*, 96 F.3d at 1039. To the extent Plaintiff seeks damages for defamation of character, such a claim is not itself a federal one and cannot by itself support a federal cause of action. *Pitts v. City of Kankakee*, 267 F.3d 592, 596 (7th Cir. 2001).

Accordingly, Plaintiff's complaint does not state a claim upon which this Court can grant relief. The complaint is thus dismissed pursuant to § 1915A. The dismissal of this case counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). The Court advises Plaintiff that he now has three federal cases dismissed as frivolous, malicious, or for failure to state a claim. *See Cosby v. Big Muddy River Correctional Center*, No. 3:05-cv-00899-GPM (S.D. Ill.) (Murphy, J.) (Order of July 11, 2007); *Cosby v. Hart*, No. 1:04-cv-1073-HAB-JAG (C.D. Ill.) (Baker, J.) (Order of May 13, 2004). Plaintiff may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). If he is unable to prepay the $455 filing fee, he must file a motion for leave to appeal *in forma pauperis,* which must not only set forth the issues Plaintiff plans to present on appeal but also demonstrate that he is imminent danger of serious physical harm. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike" under 28 U.S.C. § 1915(g).